Beckham THOMPSON, Plaintiff,

v.

Arthur S. FLEMMING, Secretary of Health, Education and Welfare of the United States of America, Defendant.

Civ. A. No. 1114.

United States District Court
W. D. Kentucky,
at Paducah.

March 3, 1961.

J. Albert Jones, Paducah, Ky., for plaintiff.

William B. Jones, U. S. Atty., Louisville, Ky., for defendant.

SHELBOURNE, District Judge.

The complaint in this action, filed December 18, 1959, seeks a judicial review of the decision of the referee which affirmed a decision of the Bureau of Old-Age and Survivors Insurance of the Social Security Administration pursuant to Section 405(g) of Title 42 United States Code Annotated, which authorizes the Court to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision with or without remanding the cause for a rehearing. But, it is provided that the findings of the Secretary if supported by substantial evidence shall be conclusive. The plaintiff and defendant have each filed a motion for summary judgment.

August 31, 1955, the plaintiff, Beckham Thompson, claiming that he became unable to engage in any substantial gainful work on June 21, 1954, filed an application to establish a period of disability under Section 416(i) of Title 42 United States Code Annotated, which was denied by the Bureau on July 6, 1956. April 9, 1957, he again filed application to establish a period of disability under Section 416(i) and for disability insurance benefits under Section 423 of the statute, which was also disallowed by the Bureau. May 31, 1957, plaintiff requested reconsideration of his applications and the Bureau affirmed its disallowance on October 6, 1958. December 11, 1958, he filed a request for a hearing before a referee, which was granted and the hearing was had June 11, 1959, at Paducah, Kentucky. July 9, 1959, the referee affirmed the ruling of the Bureau disallowing plaintiff's claim. The case then came before the Appeals Council of the Social Security Administration on plaintiff's request for a review of the referee's decision; the Appeals Council denied the request on October 19, 1959, and this action followed.

The question to be determined by this Court is whether there is substantial evidence in the record to support the referee's decision that plaintiff is not entitled to the establishment of a period of disability or to disability insurance benefits.

The referee held that there was not substantial evidence that the plaintiff had incurred an impairment or impairments of such serious nature and of long-continuing and indefinite duration sufficient to be considered the underlying cause of plaintiff's alleged inability to engage in any type of substantial gainful work on a continuing basis.

The referee determined that the evidence submitted by the plaintiff did not establish that the claimed impairments had so marked the plaintiff that he could not work with regularity for an extended period of time with reasonable efficiency and could not do economically useful and gainful work. He thought that the admitted daily activities of the plaintiff clearly demonstrated that a considerable tolerance for work remained with him. Plaintiff could drive a car and did, he tended a garden, and he hunted regularly two or three days each week during the hunting seasons. The referee further determined that the medical evidence failed to establish the existence of medically determinable impairments of such severity as to prevent the plaintiff from engaging in substantial gainful activity on a continuing basis. The Court agrees with the findings of the referee.

Unquestionably, the plaintiff had a fall June 21, 1954, while employed by General Motors at its Detroit Diesel Engine Division. He fell from steps onto the concrete below and injured his head and neck. He was hospitalized at Wyandotte General Hospital, Wyandotte, Michigan, from June 21, 1954, until June 29, 1954, and was treated for a sprained neck and scalp lacerations.

October 7, 1954, plaintiff was admitted to the Harper Hospital, Detroit, Michigan, suffering from marked hoarseness and inability to swallow properly and breathe properly due to a tumor on the

vocal cords as well as fracture of the cervical vertebra. A general direct laryngscopy was performed and a growth removed from the left vocal cord. Plaintiff was discharged from the hospital October 25, 1954, and referred to Dr. Angus Goetz for treatment of the cervical vertebra. Plaintiff returned to work at Detroit Diesel Engine on December 1, 1954.

In connection with his application for a veteran's pension, plaintiff was admitted to the Veterans Administration Hospital at Dearborn, Michigan, on July 6, 1955, for observation and evaluation. He gave the history of an old spine injury to the lower back in 1922, injuries to his head and cervical spine sustained in a fall in June, 1954, and complained of difficulty in swallowing and a chronic hoarseness. Various examinations made revealed old healed fractures of the lumbar spine, a definite shortening of the cervical spine with limitation of motion in all directions, and marked emphysema. He was discharged from the hospital July 25, 1955.

March 9, 1957, plaintiff was examined by Dr. Charles B. Billington at Paducah, Kentucky. He was found to have a moderately advanced pulmonary emphysema and pulmonary fibrosis, and approximately 40 per cent limitation of motion in cervical and lumbar spine.

Plaintiff was examined at The Paducah Clinic by Dr. W. E. Sloan, who made a report dated September 21, 1957. In giving the history of his claimed impairments, plaintiff told Dr. Sloan that he fell 40 feet down a mining shaft and fractured his skull in 1922, and that when he fell in 1954 he again injured his spine, and since that date has become short of breath upon mild exertion and experienced considerable difficulty in breathing, particularly at night.

June 9, 1959, Dr. Roscoe Faulkner, a general practitioner at Salem, Kentucky, gave a statement that he had examined the plaintiff and diagnosed his trouble as degenerative arthritis of the cervical and lumbar spine, and that the arthritis of the cervical spine is secondary to trauma and produces a severe deformity that interferes with breathing and swallowing and markedly reduces movements of the neck in all directions. It was Dr. Faulkner's opinion that the plaintiff was "unable to do any type of work." To the same effect were sworn statements made October 6, 1959, and filed in the record, by O. W. Noel, Hampton, Kentucky; Louis G. Bradley, Burna, Kentucky; Marvin Pace, Salem, Kentucky; Roy W. Ramage, Burna, Kentucky; M. F. Hardy, and Wayne Threlkeld, Hampton, Kentucky. G. W. Champion, Hampton, Kentucky, gave a sworn statement under date of October 6, 1959, that for five years previously plaintiff had been unable to pursue gainful employment.

Dr. R. W. Robertson, an outstanding physician and surgeon at Paducah, Kentucky, gave a statement dated June 24, 1959, certifying that he had examined the plaintiff on that date and that, from his examination, the history given, and a communication from the Veteran's Hospital in Memphis, Tennessee, he was of the opinion that plaintiff was totally disabled to work as a laborer which he had always followed.

The case is a close one but the Court cannot say that there is not substantial evidence in support of the referee's finding that the plaintiff, Beckham Thompson, had not sustained the burden upon him to show that he was entitled to the establishment of a period of disability and disability insurance benefits.

It Is Ordered that the defendant's motion for summary judgment is sustained, the plaintiff's motion for summary judgment is overruled, and the complaint filed herein is dismissed.